YOUNG, J.
(concurring in part and dissenting in part). I concur with Justice KELLY’s opinion insofar as it holds that the Land Division Act does not give trial courts the authority to alter substantive property rights and it declines to address the common-law doctrine of easements by necessity. I write only to express misgivings with regard to her disposition on whether the grantors of the plaintiffs’ easement intended to give the plaintiffs utilities access in addition to ingress and egress. Justice KELLY’s explanation that the grantors intended that the plaintiffs use their easement in the same manner that the defendants used their easement at the time of the grant is plausible (and quite possibly correct).[1] Nevertheless, I am not convinced that the mere fact that the defendants have used their easement for utilities access gives the plaintiffs the right to use their separate easement similarly. Because there is insufficient evidence of the grantors’ actual intent concerning the plaintiffs’ particular easement at the time the easement was created, I cannot assent to Justice Kelly’s ultimate result that interprets the plaintiffs’ easement as encompassing utilities access. I therefore respectfully dissent from Justice KELLY’s determination of the grantors’ intent, although I concur with Justice KELLY insofar as she interprets the Land Division Act and declines to reach the common-law doctrine of easements by necessity.[2] Rather than affirm the Court of Appeals result, *506 which grants the plaintiffs’ motion for summary disposition, I would instead remand this case to the Berrien County Trial Court for trial.
Corrigan and Markman, JJ., concurred with Young, J.

 Although there are many nominal defendants in this case, I use the term “defendants” throughout this opinion to refer only to those defendants who own property in the O. T. Henkle Subdivision.

 Because this case came before this Court on cross-motions for summary disposition, and because the question of the grantors’ intent *506 would remain open on remand, it is not necessary at this point for me to determine whether the doctrine of easement by necessity should be expanded to include utilities access.